■ JANET WEINREB, Appellant, v JULIUS RICE, Respondent. [698 NYS2d 862] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered August 24, 1998, which, upon an order of the same court dated June 24, 1998, granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The decedent, Joel Weinreb, was under the psychiatric care of the defendant, Dr. Julius Rice, for depression and agitation.

While hospitalized for injuries received in a fall, the decedent stated that he wanted to die. The defendant conducted a psychiatric evaluation and concluded that he was not suicidal. During the week following his discharge from the hospital, the defendant maintained contact with the decedent through the decedent's wife, the plaintiff Janet Weinreb. The decedent committed suicide seven days after being discharged from the hospital.

It is well settled that a physician may not be held liable for a mere error in professional judgment (*see, Ibguy v State of New York,* 261 AD2d 510; *Darren v Safier,* 207 AD2d 473; *Davitt v State of New York,* 157 AD2d 703; *Mohan v Westchester County Med. Ctr.,* 145 AD2d 474; *Wilson v State of New York,* 112 AD2d 366). For liability to ensue, it must be shown that the physician's treatment decision was " ' " ' "something less than a professional medical determination" ' " ' " (*Ibguy v State of New York, supra,* at 510; *Darren v Safier, supra; Davitt v State of New York, supra*). There is no evidence that the defendant's decision on July 3, 1994, to discharge the decedent, change his medication, and follow his condition was something less than a professional medical determination. The mere fact that the plaintiff's expert would have opted for a different treatment, without more, " 'represents, at most, a difference of opinion among [physicians], which is not sufficient to sustain a prima facie case of malpractice' " (*Ibguy v State of New York, supra,* at 510 ; *Darren v Safier, supra; see also, Topel v Long Is. Jewish Med. Ctr.,* 55 NY2d 682).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.