■ ROBERT SEIBERT, Respondent, v MAX FINK et al., Defendants, and ANDREW FRANCIS, Appellant. [720 NYS2d 564] —In an action, inter alia, to recover damages for psychiatric malpractice, the defendant Andrew Francis appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 7, 2000, as denied that branch of the motion of the defendants Max Fink, Andrew Francis, and Elias Pasol which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) from an order of the same court, dated March 31, 2000, which denied his motion for leave to renew.

Ordered that the order dated January 7, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 31, 2000, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Whether to release an institutionalized patient involves a risk of error (see, Fiederlein v City of N. Y. Health & Hosps. Corp., 80 AD2d 821, affd 56 NY2d 573). A psychiatrist "is not required to achieve success in every case" (Schrempf v State of New York, 66 NY2d 289, 295). Should a psychiatrist fail to predict that a patient will harm himself or herself if released, the psychiatrist cannot be held liable for a mere error in professional judgment (see, Weinreb v Rice, 266 AD2d 454). Even if other psychiatrists disagree with a decision to release a patient, such "disagreement represents, at most, a difference of opinion among physicians, which is not sufficient to sustain a prima facie case of malpractice" (Darren v Safier, 207 AD2d 473, 474). Were this not the rule, every judgment made by a psychiatrist would be subjected to the second guess of a jury, few releases would ever be made, and the hope of recovery and rehabilitation of a vast number of patients would be impeded and frustrated (see, Topel v Long Is. Jewish Med. Ctr., 55 NY2d 682; Bell v New York City Health & Hosps. Corp., 90 AD2d 270, 280; Taig v State of New York, 19 AD2d 182, 183). However, a psychiatrist may be held liable if a decision to release a patient was less than a professional medical determination. A decision is not insulated by the medical judgment rule if it is not based upon a careful examination (see, Bell v New York City Health & Hosps. Corp., supra, at 282).

Following an apparent suicide attempt involving a leap from

a moving car, the plaintiff's decedent was hospitalized for acute postpartum depression. In the emergency room, she acknowledged that she had attempted suicide, and she was regarded as a suicide risk. She was admitted to the hospital and came under the care of the appellant, who was her attending psychiatrist, as well as medical students and others. During her hospitalization, she generally denied that her fall from the moving car was a suicide attempt, but she made conflicting statements, and a nurse suspected that the denials were part of a "game" to facilitate her discharge. Approximately one week after admission, while home on a 12-hour pass approved by the appellant, the plaintiff's decedent took her own life.

The pass was issued after the appellant evaluated the plaintiff's decedent and reviewed portions of her medical records containing the comments and observations of the other professionals involved in her care. However, the appellant admitted that he did not read the decedent's complete chart before approving the pass, which would have revealed her statement in the emergency room that she had attempted suicide and that a psychiatric consultant considered her to be a suicide risk. Moreover, the appellant prescribed no medication for the decedent before releasing her, and was unaware of the nature and dosage of the medication she had been taking. Therefore, the Supreme Court correctly determined that there was an issue of fact precluding summary judgment dismissing the complaint insofar as asserted against the appellant.

The appellant's remaining contentions are without merit. Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.