■ Kostas Fotinas et al., Appellants, v Westchester County Medical Center et al., Defendants, and Pavlos Kymissis, Respondent. [752 NYS2d 90] —In an action, inter alia, to recover damages for psychiatric malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered June 13, 2001, which granted the motion of the defendant Pavlos Kymissis for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Pavlos Kymissis.

Dr. Pavlos Kymissis (hereinafter the defendant) first evaluated the plaintiff Kostas Fotinas (hereinafter the patient) for depression on October 15, 1996, and recommended his immediate hospitalization at the Westchester County Medical Center Psychiatric Institute, based in large part on the patient's expression of suicidal thoughts. The patient was admitted to the hospital with a diagnosis of major depression, and he remained there for approximately two weeks. A post-discharge appointment was scheduled with the defendant for October 31, 1996, at which time the defendant determined that the patient was less depressed and not at risk for suicide. The defendant increased the patient's antidepressant medication and scheduled another appointment for the following week. Four days later, the patient attempted suicide, resulting in permanent injuries.

The patient and his wife commenced this malpractice action alleging, inter alia, that the defendant's treatment of the patient deviated from the proper standard of psychiatric care. They allege, in essence, that the defendant failed to conduct a thorough evaluation of the patient upon his discharge from the hospital, which led to a misdiagnosis of his condition.

The defendant moved for summary judgment dismissing the complaint based, in part, on an affidavit from his psychiatric expert. The expert stated that defendant's evaluation and treatment of the patient fell within the bounds of acceptable psychiatric practice and that the defendant's failure to obtain and review the patient's hospital records was not a departure from good and accepted psychiatric practice. In opposition to the defendant's motion, the plaintiffs offered an affidavit from their psychiatric expert, who stated that the defendant departed from the acceptable standard of care, inter alia, by failing to obtain and review the patient's hospital records. The expert stated that, had the defendant examined the hospital records, he would have discovered that the patient was transferred from the psychiatric unit to a medical unit one day after his admission to the hospital, that he did not receive adequate psychiatric treatment while in the medical unit, that his psychiatric medication was discontinued for five days, and that insubstantial doses of medication were prescribed after that five-day period. According to the expert, a thorough evaluation by the defendant would have indicated that the patient's post-discharge condition had not improved and that the proper course of treatment would have been to closely monitor the patient or to have him readmitted to the hospital.

It is well settled that a psychiatrist may not be held liable

for a mere error in professional judgment (*see Weinreb v Rice,* 266 AD2d 454; *Ibguy v State of New York,* 261 AD2d 510). However, a psychiatrist may be held liable if a treatment decision was "something less than a professional medical determination" (*Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270, 282; *see Weinreb v Rice, supra*). "A decision that is without proper medical foundation, that is, one which is not the product of a careful examination, is not to be legally insulated as a professional medical judgment" (*Bell v New York City Health & Hosps. Corp., supra* at 280-281; *Seibert v Fink,* 280 AD2d 661). Where a treatment decision is based upon a careful examination, an expert's opinion that an alternative treatment should have been followed is insufficient to establish a prima facie case of malpractice (*see Darren v Safier,* 207 AD2d 473).

Although the defendant satisfied his initial burden of establishing a prima facie case for summary judgment, the plaintiffs offered evidence sufficient to raise a triable issue as to whether the defendant's treatment decision was based on "something less" than his professional medical judgment. The plaintiffs offered evidence that, in failing to review the patient's hospital records or to discuss his condition with hospital staff, the defendant failed to obtain pertinent information (*see Seibert v Fink, supra; Bell v New York City Health & Hosps. Corp., supra; cf. Krapivka v Maimonides Med. Ctr.,* 119 AD2d 801). In view of the experts' conflicting affidavits as to whether the defendant was negligent, summary judgment should be denied (*see Zarzana v Sheepshead Bay Obstetrics & Gynecology,* 289 AD2d 570; *Halkias v Otolaryngology-Facial Plastic Surgery Assoc.,* 282 AD2d 650). Furthermore, whether the defendant's alleged negligence was a proximate cause of the patient's injuries presents an issue for the jury (*see Bell v New York City Health & Hosps. Corp., supra*). Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.