█ SUSAN MUSKOPF et al., Appellants, v BARRY MARON, M.D., Defendant, and WYOMING COUNTY COMMUNITY HOSPITAL et al., Respondents. (Appeal No. 1.) [765 NYS2d 537] —Appeal from that part of an order of Supreme Court, Wyoming County (Kloch, Sr., J.), entered May 14, 2002, that granted the cross motion of defendants Wyoming County Community Hospital and County of Wyoming for summary judgment dismissing the complaint against them.

█ SUSAN MUSKOPF et al., Appellants, v BARRY MARON, M.D., Defendant, and WYOMING COUNTY COMMUNITY HOSPITAL et al., Respondents. (Appeal No. 2.) [764 NYS2d 741] —Appeal from a judgment of Supreme Court, Wyoming County (Kloch, Sr., J.), entered May 28, 2002, which granted the cross motion of defendants Wyoming County Community Hospital and

County of Wyoming for summary judgment dismissing the complaint against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law with costs, the cross motion is denied, and the complaint against defendants Wyoming County Community Hospital and County of Wyoming is reinstated.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries that Susan Muskopf (plaintiff) allegedly sustained when her physician operated on her left hand instead of her right hand. Plaintiff had been diagnosed with carpal tunnel syndrome in both hands, but the left hand was asymptomatic at the time of the surgery. Plaintiffs asserted an independent negligence cause of action against Wyoming County Community Hospital (Hospital) and the County of Wyoming (collectively, defendants) for the failure of a Hospital nurse to prevent the error despite being informed by plaintiff that she thought that the surgery was to be on her right hand. Plaintiffs contend that Supreme Court erred in granting the cross motion of defendants for summary judgment dismissing the complaint against them, and we agree. Defendants met their initial burden through the affidavit of an expert nurse who opined that the nursing care provided to plaintiff was within accepted standards of nursing care. It is undisputed that, upon plaintiff's inquiry concerning the surgical site, the Hospital nurse reviewed the preoperative records prepared by plaintiff's physician that were contained in plaintiff's hospital chart, and all of those records indicated that the surgery was to be performed on plaintiff's left hand. It is further undisputed that plaintiff signed a consent form for the surgery to be performed on her left hand, although she testified at her deposition that she did not understand at the time she signed the form why surgery would be performed on her left hand.

Plaintiffs, however, raised an issue of fact through the affidavit of an expert physician who opined that the Hospital deviated from accepted standards of medical practice by failing to undertake a comprehensive review of plaintiff's case, including a specific inquiry to the attending physician and documentation of the results of that inquiry, when the Hospital nurse learned of plaintiff's doubts concerning the site of the surgery (*see Pellegrino v Cunanan*, 227 AD2d 950 [1996]; *see also Fotinas v Westchester County Med. Ctr.*, 300 AD2d 437, 439 [2002]; *Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 894 [2001], *lv denied* 98 NY2d 601 [2002]). The foundation of plaintiffs'

expert's opinion was, in part, the deposition testimony of the Hospital nurse, who stated that, if a patient had a question concerning the side on which surgery was to be performed, she would document that she had called the doctor and that he would be in to speak to the patient. It is undisputed that the nurse did not undertake such an investigation here. In light of that testimony and the expert's opinion, we reject the contention of defendants that they are shielded from tort liability because the nurse followed the physician's orders as set forth in the physician's preoperative paperwork (*see generally Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 [1968], *rearg denied* 22 NY2d 973 [1968]; *Litwak v Our Lady of Victory Hosp. of Lackawanna*, 238 AD2d 881, 882 [1997]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.