■ DESERIE BETTY, as Guardian ad Litem for MICHAEL NATHANIEL BETTY, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY EMERGENCY MEDICAL SERVICES et al., Respondents. [884 NYS2d 439]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from (1)

so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated March 12, 2008, as granted that branch of the motion of the defendants New York Emergency Medical Services, New York City Health and Hospitals Corporation, Kings County Hospital Center, Kings County Psychiatric Center, and Michael Novakhov which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against them, and (2) so much of a judgment of the same court dated April 7, 2008, as, upon the order, dismissed the cause of action to recover damages for medical malpractice insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On July 29, 1995, the plaintiff's ward, Michael Betty (hereinafter Betty), was involuntarily admitted to the defendant Kings County Hospital Center (hereinafter the Hospital) after expressing suicidal ideation and purportedly hearing voices. On July 31, 1995, the defendant Michael Novakhov, a psychiatrist, examined Betty. Betty was ultimately diagnosed with major depression with psychotic features and was prescribed certain medications. Novakhov testified at his deposition that he observed Betty every day while he was admitted to the Hospital, and that he discussed with Betty the importance of continuing his medication after his eventual discharge. Notations in Betty's medical chart indicate that he continued to improve, and on August 8 it was noted that he would be discharged that week. On August 10 it was noted that Betty "remain[ed] pleasant, without overt psychotic signs." On August 11, 1995, Betty was discharged from the Hospital with a 30-day supply of his prescribed medication, which he agreed to take as prescribed. He was referred for after-care psychiatric treatment, and an appointment was made for August 23, 1995. On August 16, 1995, Betty attempted suicide which resulted in physical injury.

Deserie Betty, Betty's sister and guardian ad litem (hereinafter the plaintiff), commenced this personal injury action against,

among others, New York City Emergency Medical Services, the New York City Health and Hospitals Corporation, the Hospital, Kings County Psychiatric Center, and Novakhov (hereinafter collectively the defendants). The plaintiff asserted, inter alia, a cause of action to recover damages for medical malpractice. The Supreme Court granted, among other things, that branch of the defendants' motion which was for summary judgment dismissing that cause of action insofar as asserted against them, and the plaintiff appeals. We affirm.

"Whether to release an institutionalized patient involves a risk of error. A psychiatrist 'is not required to achieve success in every case.' Should a psychiatrist fail to predict that a patient will harm himself or herself if released, the psychiatrist cannot be held liable for a mere error in professional judgment" (*Seibert v Fink,* 280 AD2d 661, 661 [2001] [citations omitted], quoting *Schrempf v State of New York,* 66 NY2d 289, 295 [1985]; *see Darren v Safier,* 207 AD2d 473, 474 [1994]; *Weinreb v Rice,* 266 AD2d 454, 455 [1999]). For liability to attach, it must be demonstrated that the physician's treatment decisions were "something less than a professional medical determination" (*Fotinas v Westchester County Med. Ctr.,* 300 AD2d 437, 439 [2002]). Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law with the submission of an affirmation of a medical expert, the parties' deposition testimony, and the relevant medical records. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' treatment regimen was something less than a professional medical determination or was not based on a careful examination and evaluation of Betty's condition (*see Bell v New York City Health & Hosps. Corp.,* 90 AD2 270, 281 [1982]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The affidavit of the plaintiff's expert, who opined that the defendants departed from good and accepted medical practice, was conclusory and unsupported by the record (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]), and therefore failed to raise a triable issue of fact (*see Darren v Safier,* 207 AD2d 473 [1994]). Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.