■ Robert Thomas, Individually and as Executor of Deborah Thomas, Respondent, v Stanley Reddy et al., Appellants, et al., Defendant. [927 NYS2d 377]—

The plaintiff's decedent checked into the defendant South Nassau Communities Hospital (hereinafter the hospital) on November 6, 2006, seeking treatment for "manic depression." The decedent was pregnant at that time, and had a history of suicide attempts, psychiatric hospitalizations, and treatment for bipolar disorder. The hospital treated the decedent several times over the course of the following months in its outpatient program. On February 28, 2007, the decedent told her obstetrician/gynecologist that she hoped that her fetus would not have a heartbeat during a sonogram, and that she would use her husband's gun to kill herself if she could find it. She was referred to the hospital's inpatient unit that day.

The defendant Dr. Stanley Reddy took over the decedent's treatment on March 12, 2007, when the physician who had been treating the decedent during her admission went on vacation. At his deposition, Dr. Reddy admitted that he had never seen the decedent's outpatient records. Further, Dr. Reddy testified that he had never seen a progress note, dated March 11, 2007, stating that the decedent was having "altered thought toward [her b]aby," and that her plan of care had not been met, and that no one had told him that the plan of care was not being met. Dr. Reddy discharged the decedent on the afternoon of March 14, 2007. Later that night, the decedent killed herself by suffocating herself with a plastic bag.

The decedent's husband, as executor of the decedent's estate and individually, commenced this action to recover damages for wrongful death and medical malpractice against, among others, Dr. Reddy, the hospital, Cesar Florita, and Jovita Crasta (hereinafter collectively the defendants). The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Reddy and the hospital (hereinafter together the appellants). The Supreme Court, among other things, denied that branch of the motion.

A psychiatrist may not be held liable for a mere error in

professional judgment (*see Betty v City of New York*, 65 AD3d 507, 509 [2009]; *Fotinas v Westchester County Med. Ctr.*, 300 AD2d 437, 438-439 [2002]; *Seibert v Fink*, 280 AD2d 661 [2001]; *Weinreb v Rice*, 266 AD2d 454, 455 [1999]). However, a psychiatrist may be held liable where a treatment decision was based on " 'something less than a professional medical determination' " (*Betty v City of New York*, 65 AD3d at 509, quoting *Fotinas v Westchester County Med. Ctr.*, 300 AD2d at 439 [internal quotation marks omitted]; *see Seibert v Fink*, 280 AD2d at 661; *Weinreb v Rice*, 266 AD2d at 455). "A decision that is without proper medical foundation, that is, one which is not the product of a careful examination, is not to be legally insulated as a professional medical judgment" (*Fotinas v Westchester County Med. Ctr.*, 300 AD3d at 439 [internal quotation marks omitted]; *see Seibert v Fink*, 280 AD2d 661 [2001]).

Here, the appellants established, prima facie, their entitlement to judgment as a matter of law by submitting the affidavit of an expert psychiatrist, who concluded that the appellants did not depart from good and accepted medical practice in making the decision to discharge the decedent (*see Betty v City of New York*, 65 AD3d at 509; *Fotinas v Westchester County Med. Ctr.*, 300 AD2d at 438; *see generally Stukas v Streiter*, 83 AD3d 18, 24 [2011]). However, in opposition, the plaintiffs submitted an affidavit from an expert who opined, inter alia, that the appellants had departed from accepted standards of psychiatric care by making an incomplete and superficial assessment of the decedent's mental condition prior to discharge. Through this affidavit, and Dr. Reddy's deposition testimony, the plaintiff raised a triable issue of fact as to whether the appellants exercised something less than professional judgment in deciding to discharge the decedent (*see Fotinas v Westchester County Med. Ctr.*, 300 AD2d at 438; *Seibert v Fink*, 280 AD2d 661 [2001]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32232(U).]**