■ DAVID DUMAS, Individually and as Administrator of the Estate of KIRSTEN LORRAINE DUMAS, Deceased, and as Parent

and Guardian of ELIZABETH DUMAS et al., Infants, Appellant, v ADIRONDACK MEDICAL CENTER et al., Respondents. [932 NYS2d 230]—

Kavanagh, J.

On February 4, 2005, decedent was admitted to defendant Adirondack Medical Center after she had attempted to commit suicide. While at the hospital, decedent made two further attempts to take her life and defendant Edward Frost, her attending physician at the hospital, determined that her condition required that she be immediately transferred to the mental health unit of Glens Falls Hospital. Frost signed orders authorizing the transfer, but did not direct in those orders that decedent be placed in restraints while being transported. A nurse at the hospital, defendant Richard Land, met the ambulance that would transport decedent and advised the ambulance attendants of decedent's attempts at suicide and her suicidal ideation. After decedent was placed in the ambulance, she was secured with standard safety belts across her waist and ankles, and covered with a blanket. An attendant was assigned to ride in the back of the ambulance and watch over her during the transport. Several minutes into the transport, decedent was able to unlock her safety belts, jumped up and threw herself out of the rear door of the vehicle, sustaining fatal injuries.

Plaintiff, decedent's husband and the administrator of her estate, commenced this action against the ambulance attendants and ambulance service, the hospital, Frost and Land, and later entered into a stipulation of discontinuance with the ambulance service and attendants. At trial, the remaining defendants moved for a directed verdict at the close of plaintiff's proof (see CPLR 4401). The motion was granted and this appeal ensued.

"A directed verdict pursuant to CPLR 4401 is appropriate when, viewing the evidence in a light most favorable to the nonmoving party and affording such party the benefit of every inference, there is no rational process by which a jury could find in favor of the nonmovant" (Hytko v Hennessey, 62 AD3d 1081, 1083 [2009] [citations omitted]; see Caruso v Northeast Emergency Med. Assoc., P.C., 85 AD3d 1502, 1054 [2011]). Plaintiff's claim against Frost was premised on a finding that proper medical care required that when ordering decedent transferred to the psychiatric facility, he should have directed that she be

placed in restraints while traveling in the ambulance. Supreme Court, in directing a verdict in his favor, found that Frost's decision not to order decedent restrained constituted a choice between "two or more medically acceptable courses of action" for which no liability could be imposed (PJI 2:150; *see Centeno v City of New York*, 40 NY2d 932, 932 [1976], *affg* 48 AD2d 812 [1975]; *Betty v City of New York*, 65 AD3d 507, 509 [2009]; *Durney v Terk*, 42 AD3d 335, 336 [2007], *lv denied* 9 NY3d 813 [2007]; *Paradies v Benedictine Hosp.*, 77 AD2d 757, 759 [1980]).

"[A] doctor is not liable in negligence merely because a treatment, which the doctor as a matter of professional judgment elected to pursue, proves ineffective" (*Nestorowich v Ricotta*, 97 NY2d 393, 398 [2002]; *see Schrempf v State of New York*, 66 NY2d 289, 295 [1985]), and liability will not be imposed for an error in judgment if "it is a judgment that a reasonably prudent doctor could have made under the circumstances" (PJI 2:150; *see Centeno v City of New York*, 40 NY2d at 932; *Betty v City of New York*, 65 AD3d at 509; *Durney v Terk*, 42 AD3d at 336; *Paradies v Benedictine Hosp.*, 77 AD2d at 759). However, such a decision if made "without proper medical foundation, that is, one which is not the product of a careful examination, is not to be legally insulated as a professional medical judgment" (*Fotinas v Westchester County Med. Ctr.*, 300 AD2d 437, 439 [2002]).

Here, prior to ordering decedent transferred, Frost discussed her condition and all applicable treatment options with the hospital's psychiatric staff. He knew that decedent, when admitted to the hospital, had been diagnosed with tachycardia and had to be intubated to assist in her breathing, conditions that plaintiff's expert acknowledged could be aggravated if decedent were placed in restraints. Because of decedent's attempt to commit suicide, Frost ordered that while she was in the hospital, she be sedated on an as-needed basis and restraints be employed as a last resort. In his deposition, Frost stated that he decided not to order decedent restrained while riding in the ambulance because, during her last 2½ hours at the hospital, decedent was not restrained when someone was seated with her and she "had been calm and had not made any suicidal gestures." Moreover, Frost rightfully assumed that the ambulance attendants charged with decedent's transport would closely monitor her, especially given the warnings that they had received from Land regarding her recent suicide attempts and existing suicidal ideation.* Therefore, we agree with Supreme Court that Frost's decision not to impose restraints during decedent's transfer "was a mat-

---

* Land testified at his deposition that he specifically warned the ambulance attendants prior to the transfer that they should be concerned about decedent

*(n. cont'd)*

ter of professional judgment for which [Frost] cannot be held" liable (*Topel v Long Is. Jewish Med. Ctr.*, 55 NY2d 682, 684 [1981]), and the verdict was properly directed in his favor.

As for Land, plaintiff argues that his failure to question Frost why restraints were not being ordered when decedent was placed in the ambulance constitutes professional negligence. Land had no information regarding decedent that Frost did not have and, moreover, plaintiff's expert acknowledged that Land, as a nurse, had no authority to direct that restraints be used. In addition, there is no record evidence indicating that Frost would have ordered restraints had Land raised the issue. As a result, plaintiff failed to make a prima facie case of negligence against Land, and the hospital vicariously, and Supreme Court's order directing a verdict in their favor should in all respects be affirmed.

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgments are affirmed, with costs.

and that "this girl means it. She is the one who is going to jump out of your ambulance."