ALICJA OZUGOWSKI, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [935 NYS2d 613]—

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The Supreme Court properly granted the motion of the defendant New York City Health and Hospitals Corporation (hereinafter the defendant) for summary judgment dismissing the complaint insofar as asserted against it. "Whether to release an institutionalized patient involves a risk of error. A psychiatrist 'is not required to achieve success in every case.' Should a psychiatrist fail to predict that a patient will harm himself or herself if released, the psychiatrist cannot be held liable for a mere error in professional judgment" (Seibert v Fink, 280 AD2d 661, 661 [2001] [citations omitted], quoting Schrempf v State of New York, 66 NY2d 289, 295 [1985]; see Betty v City of New York, 65 AD3d 507, 509 [2009]; Weinreb v Rice, 266 AD2d 454, 455 [1999]). In order for a psychiatrist to be held liable for malpractice based upon a decision made in connection with a patient's treatment or a decision to discharge a patient from a hospital, it must be shown that the treatment decisions represented "something less than a professional medical determination" (Fotinas v Westchester County Med. Ctr., 300 AD2d 437, 439 [2002] [internal quotation marks omitted]), or that the psychiatrist's decisions were "not the product of a careful examination" (Bell v New York City Health & Hosps. Corp., 90 AD2d 270, 280-281 [1982]; see Thomas v Reddy, 86 AD3d 602 [2011]; Betty v City of New York, 65 AD3d at 509; Fotinas v Westchester County Med. Ctr., 300 AD2d at 439; Seibert v Fink, 280 AD2d at 662; Weinreb v Rice, 266 AD2d at 455).

Here, the evidence submitted by the defendant, including the affidavit of an expert psychiatrist, established, prima facie, that the defendant did not depart from the applicable standard of care in connection with its treatment of the plaintiff's decedent, or in connection with the decision to release the decedent from the hospital (see Betty v City of New York, 65 AD3d at 509; Dunn v Khan, 62 AD3d 828, 829 [2009]; Fotinas v Westchester County Med. Ctr., 300 AD2d at 439).

In opposition to the defendant's prima facie showing, the plaintiff submitted an affidavit from an expert physician. Initially, although the plaintiff failed to serve a notice of disclosure of her expert physician pursuant to CPLR 3101 (d),

the defendant failed to show that the Supreme Court improvidently exercised its discretion in considering that expert's affidavit, under the circumstances herein (*see Saldivar v I.J. White Corp.*, 46 AD3d 660, 661 [2007]). However, the plaintiff's expert physician, an internist and cardiologist licensed to practice medicine in Illinois, failed to establish a proper foundation for his opinion as to the psychiatric treatment of the plaintiff's decedent. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (*Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 895 [2004] [citations and internal quotation marks omitted]). "Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (*Mustello v Berg*, 44 AD3d 1018, 1019 [2007]; *see Behar v Coren*, 21 AD3d 1045, 1046-1047 [2005]). Here, the plaintiff's expert physician failed to establish the requisite foundation for the opinion offered in the area of psychiatry (*see Mustello v Berg*, 44 AD3d at 1019; *Behar v Coren*, 21 AD3d at 1046). Moreover, the affidavit of the plaintiff's expert physician failed to raise a triable issue of fact as to whether the defendant's staff failed to make a careful evaluation of the decedent, as per the applicable standard of care, in connection with their treatment of the decedent and the discharge of the decedent (*see Betty v City of New York*, 65 AD3d at 509; *Dunn v Khan*, 62 AD3d at 829-830).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.