*812 Motion by the appellant Lilian Aldana-Bernier for leave to reargue stated portions of an appeal from an order of the Supreme Court, Queens County, dated March 31, 2011, which was determined by a decision and order of this Court dated April 17, 2012 (94 AD3d 923 [2012]), or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Separate motion by the appellant Jamaica Hospital Medical Center for leave to reargue stated portions of the appeal.
Upon the papers filed in support of the motions, and the papers filed in opposition thereto, it is
Ordered that the motion of the appellant Lilian Aldana-Bernier is denied; and it is further,
Ordered that the motion of the appellant Jamaica Hospital Medical Center is granted and, upon reargument, the decision and order of this Court dated April 17, 2012, is recalled and vacated, and the following decision and order is substituted therefor:
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Lilian Aldana-Bernier appeals, and the defendants Ernst G. Severe and Jamaica Hospital Medical Center separately appeal, from an order of the Supreme Court, Queens County (O’Donoghue, J.), dated March 31, 2011, which denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendants Ernst G. Severe and Jamaica Hospital Medical Center for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting the motion except with respect to those causes of action which allege that the defendant Jamaica Hospital Medical Center is vicariously liable for the alleged medical malpractice of the defendant Lilian Aldana-Bernier; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendant Lilian Aldana-Bernier, and one bill of costs to the defendants Ernst G. Severe and Jamaica Hospital Medical Center payable by the plaintiff.
On September 14, 2006, Frank Ballek was taken by ambulance to the emergency room of Jamaica Hospital Medical Center (hereinafter JHMC). A psychiatric consultation was ordered *813 and, as a result, physician Lilian Aldana-Bernier evaluated Frank. That night, an attending physician, Ernst G. Severe, discharged Frank. Frank killed himself on or before October 7, 2006.
Frank’s wife, Donna Ballek, individually and as administrator of Frank’s estate (hereinafter the plaintiff), commenced this action, inter alia, to recover damages for medical malpractice against, among others, Aldana-Bernier, Severe, and JHMC. Subsequently, Aldana-Bernier moved for summary judgment dismissing the complaint insofar as asserted against her, and Severe and JHMC moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the separate motions.
“The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage” (Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006 [2010]; see Deutsch v Chaglassian, 71 AD3d 718, 719 [2010]; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842 [2008]). “On a motion for summary judgment, a defendant physician has the burden of establishing the absence of any deviation or departure, or that the patient was not injured thereby” (Castro v New York City Health & Hosps. Corp., 74 AD3d at 1006; see Deutsch v Chaglassian, 71 AD3d at 719; Rebozo v Wilen, 41 AD3d 457, 458 [2007]). In opposition, the plaintiff need only raise a triable issue of fact as to elements on which the defendant has met its prima facie burden (see Stukas v Streiter, 83 AD3d 18, 30 [2011]).
“A psychiatrist may not be held liable for a mere error in professional judgment” (Thomas v Reddy, 86 AD3d 602, 603-604 [2011]; see Betty v City of New York, 65 AD3d 507, 509 [2009]; Fotinas v Westchester County Med. Ctr., 300 AD2d 437, 438-439 [2002]; Seibert v Fink, 280 AD2d 661 [2001]; Weinreb v Rice, 266 AD2d 454, 455 [1999]). Rather, “for a psychiatrist to be held liable for malpractice based upon a decision made in connection with a patient’s treatment or a decision to discharge a patient from a hospital, it must be shown that the treatment decisions represented something less than a professional medical determination ... or that the psychiatrist’s decisions were not the product of a careful evaluation” (Ozugowski v City of New York, 90 AD3d 875, 876 [2011] [citation and internal quotation marks omitted]; see Thomas v Reddy, 86 AD3d at 604; Betty v City of New York, 65 AD3d at 509; Fotinas v Westchester County Med. Ctr., 300 AD2d at 439; Seibert v Fink, 280 AD2d at *814 662; Weinreb v Rice, 266 AD2d at 455; Bell v New York City Health & Hosps. Corp., 90 AD2d 270, 280-281 [1982]).
Aldana-Bernier demonstrated her prima facie entitlement to judgment as a matter of law by submitting an expert affidavit demonstrating that she had not deviated or departed from accepted community standards of practice (see Betty v City of New York, 65 AD3d at 509). She did not, however, establish prima facie that no claimed deviation or departure was a proximate cause of the plaintiffs injuries. On this element, the expert affidavit she submitted in support of her motion was entirely conclusory. Consequently, to defeat Aldana-Bernier’s motion, the plaintiff was required only to demonstrate that there was a triable issue of fact as to departure (see Stukas v Streiter, 83 AD3d at 30). The plaintiff raised a triable issue of fact on this element through the submission of an expert affidavit (see Thomas v Reddy, 86 AD3d at 604; Fotinas v Westchester County Med. Ctr., 300 AD2d at 439). Accordingly, the Supreme Court properly denied Aldana-Bernier’s motion for summary judgment dismissing the complaint insofar as asserted against her.
However, the Supreme Court should have granted the motion of Severe and JHMC for summary judgment dismissing the complaint insofar as asserted against them, except with respect to those causes of action which allege that JHMC is vicariously liable for the alleged medical malpractice of Aldana-Bernier. Severe and JHMC made a prima facie showing, through the submission of an expert affirmation, that the treatment provided to Frank by JHMC and its personnel, including Severe, did not depart from accepted standards of medical treatment. In opposition, the plaintiff failed to raise a triable issue of fact as to whether Severe departed from accepted medical practice. To the extent the plaintiffs medical expert opined that Severe departed from accepted medical practice in connection with Frank’s treatment or discharge, that portion of the affirmation is conclusory and, thus, insufficient to raise a triable issue of fact (see Betty v City of New York, 65 AD3d at 509; Dunn v Khan, 62 AD3d 828, 829 [2009]; see also Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). The plaintiff also failed to raise a triable issue of fact as to whether any other JHMC personnel, except Aldana-Bernier, committed a departure. Accordingly, there is no basis to hold JHMC liable independent of its vicarious liability for the alleged malpractice of Aldana-Bernier. Eng, EJ., Balkin, Hall and Sgroi, JJ., concur.