In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O’Donoghue, J.), entered July 8, 2011, *858 as granted the motion of the defendant Bhaskar C. Nayak, the separate motions of the defendant Joseph Hyler and the defendant HIP Health Plan of New York-Queens Mental Health Service, and that branch of the cross motion of the defendants Public Administrator of Kings County, as administrator of the estate of Barbara Crooks, Woodhull Medical and Mental Health Center, and New York City Health and Hospitals Corporation which was for summary judgment dismissing the complaint insofar as asserted against each of them, and granted the separate motion of the defendants Public Administrator of Kings County, as administrator of the estate of Barbara Crooks, Woodhull Medical and Mental Health Center, and New York City Health and Hospitals Corporation to quash certain subpoenas.
Ordered that the appeal from so much of the order as granted the motion of the defendants Public Administrator of Kings County, as administrator of the estate of Barbara Crooks, Woodhull Medical and Mental Health Center, and New York City Health and Hospitals Corporation to quash certain subpoenas is 'dismissed as academic in light of our determination on the appeal from the remainder of the order; and it is further,
Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the separate motions of defendant Bhaksar C. Nayak, the defendant Joseph Hyler, and the defendant HIP Health Plan of New York-Queens Mental Health Service which were for summary judgment dismissing the first, fourth, and fifth causes of action, which were to recover damages for medical and professional malpractice, wrongful death, and loss of services, respectively, insofar as asserted against each of them, and substituting therefor a provision denying those branches of those defendants’ respective motions; as so modified, the order is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the defendants Public Administrator of Kings County, as administrator of the estate of Barbara Crooks, Woodhull Medical and Mental Health Center, and New York City Health and Hospitals Corporation, payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendants Joseph Hyler, Bhaskar C. Nayak, and HIP Health Plan of New York-Queens Mental Health Service.
After Saly Mehra (hereinafter the decedent) was found in late November 2006 by her teenaged daughter, engaged in an apparent, and unsuccessful, attempt to hang herself, the decedent’s *859 husband, Anurag Mehra (hereinafter the plaintiff), brought the decedent for a psychological consultation at the offices of the defendant HIP Health Plan of New York-Queens Mental Health Service (hereinafter HIP). There, after completing a medical intake questionnaire, in which she expressed recent suicidal ideations, the decedent met with a psychiatric social worker, the defendant Joseph Hyler. Hyler referred the decedent to the defendant Bhaskar C. Nayak, a psychiatrist at HIP’s offices, with whom she met the next day and who prescribed her various medications. During December 2006, the decedent had two meetings with Hyler and two meetings with Nayak. The plaintiff testified at his deposition that he informed both Nayak and Hyler, during the meetings, of the decedent’s prior suicide attempt. The decedent killed herself on December 25, 2006.
The plaintiff, individually and as administrator of the decedent’s estate, commenced this action, inter alia, to recover damages from Nayak and Hyler, and their employer, HIR for medical malpractice which allegedly caused the decedent’s death. The plaintiff also sought to recover damages for, inter alia, employment discrimination pursuant to the New York City Human Rights Law (Administrative Code of City of NY § 8-107) and the New York State Human Rights Law (Executive Law art 15) against, among others, the decedent’s former employer, Woodhull Medical and Mental Health Center of the New York City Health and Hospitals Corporation, and the Public Administrator of Kings County, as administrator of the estate of the decedent’s former supervisor, Barbara Crooks (hereinafter collectively the Woodhull defendants), alleging that, before the decedent’s death, the Woodhull defendants discriminated against the decedent in the terms, conditions, and privileges of her employment on the basis of her national origin and religion, among other things.
Nayak, Hyler, and HIP each separately moved for summary judgment dismissing the complaint insofar as asserted as against each of them, the Woodhull defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Woodhull defendants separately moved to quash certain subpoenas.
The elements of a medical malpractice action are “a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage” (Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006 [2010]). “On a motion for summary judgment, a defendant physician has the burden of establishing the absence of any deviation or departure, or that *860 the patient was not injured thereby. In opposition, the plaintiff need only raise a triable issue of fact as to elements on which the defendant has met its prima facie burden” (Ballek v Aldana-Bernier, 100 AD3d 811, 813 [2012] [internal quotation marks and citation omitted]). Nayak and Hyler each established respective prima facie entitlement to judgment as a matter of law by submitting, respectively, an expert affirmation and affidavit demonstrating that neither of them had deviated or departed from accepted standards of care. Neither Nayak nor Hyler, however, established, prima facie, that no claimed deviation or departure was a proximate cause of the decedent’s injuries. The affirmation of Nayak’s expert offered only a conclusory opinion that the treatment provided by Nayak was not a proximate cause of the decedent’s alleged injuries, and the affidavit of Hyler’s expert offered no opinion as to proximate cause. HII] which was allegedly vicariously liable as the employer of Nayak and Hyler, also established its prima facie entitlement to judgment as a matter of law. Consequently, to defeat the motions of Nayak, Hyler, and HII] the plaintiff was required only to demonstrate that there was a triable issue of fact as to their departure from accepted standards of care in their respective professions (see Ballek v Aldana-Bernier, 100 AD3d at 813; Barnett v Fashakin, 85 AD3d 832, 835 [2011]).
The plaintiff, in opposition to the various motions and cross motion, submitted the affidavit of an expert which delineated departures by both of Nayak and Hyler from the standard of care, and raised a triable issue of fact as to whether the treatment decisions of each of those two defendants were “something less than a professional medical determination or that [their] decisions were not the product of a careful examination” (Ozugowski v City of New York, 90 AD3d 875-876 [2011] [internal quotation marks and citation omitted]). Therefore, the Supreme Court erred in awarding summary judgment to Nayak and Hyler, and their employer, HIP, dismissing the medical and professional malpractice, wrongful death, and loss of services causes of action insofar as against each of them (see id.; see also Ballek v Aldana-Bernier, 100 AD3d at 811; Thomas v Reddy, 86 AD3d 602, 604 [2011]; Betty v City of New York, 65 AD3d 507 [2009]).
The Supreme Court, however, properly granted the Woodhull defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them since they established their prima facie entitlement to judgment as a matter of law. As to the cause of action asserted against the Woodhull defendants to recover damages for employment discrimination, *861 they demonstrated that not every element necessary to a viable claim of intentional discrimination had occurred, that the decedent suffered no adverse employment consequences as a result of the alleged acts of discrimination, and that, in any event, nondiscriminatory reasons existed for the challenged actions (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Ehmann v Good Samaritan Hosp. Med. Ctr., 90 AD3d 985 [2011]). The plaintiff failed to raise a triable issue of fact in opposition. Moreover, contrary to the plaintiffs contentions, he failed to demonstrate that further discovery was necessary in order for him to oppose the Woodhull defendants’ motion (see CPLR 3212 [f]; cf. Cirincione v Atlantic Hylan Corp., 57 AD3d 707 [2008]). Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.