■ SHARON M. GALLEN, Individually and as Administratrix of the Estate of EUGENE G. GALLEN, Deceased, Respondent, v COUNTY OF ROCKLAND et al., Defendants, and JAY L. LOMBARD, M.D., et al., Appellants. [26 NYS3d 790]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants Jay L. Lombard and Brain Behavior Center-Rockland appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated March 28, 2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 21, 2008, the decedent told the plaintiff, his wife, that he had been contemplating suicide, and she brought him to the emergency room at Valley Hospital. Records from that emergency room visit indicate that inpatient psychiatric treatment was recommended but refused by the decedent and the plaintiff. The hospital ultimately agreed to discharge the decedent in the early morning hours of January 22, 2008, with a "contract for safety," whereby the plaintiff agreed to stay awake and close to the decedent, and the decedent agreed, by 9 a.m. that morning, to contact Maurice Haberman, the psychiatrist who had treated him after a prior suicide attempt in 2005. The decedent contacted Haberman, who advised him to go to a certain crisis center. According to the plaintiff, the decedent did not want to go to the crisis center since he feared that, if he did, he would be hospitalized against his will.

Instead, on the afternoon of January 22, 2008, the plaintiff brought the decedent to the defendant Brain Behavior Center-Rockland. There, the defendant Jay L. Lombard, who was the plaintiff's treating neurologist, performed a suicide assessment, concluded that the decedent was not at immediate risk of hurting himself, and prescribed antidepressant medication.

Lombard also arranged for the decedent to make an appointment for psychotherapy with a licensed social worker with whom Lombard shared office space, and advised the decedent to return for a follow-up visit in two weeks. The decedent committed suicide on January 29, 2008.

The plaintiff, as the administrator of the decedent's estate and individually, commenced this action seeking, inter alia, damages for medical malpractice and wrongful death against various medical providers, including the appellants, Lombard and Brain Behavior Center-Rockland. Upon the completion of discovery, the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied their motion.

The appellants made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them. The evidence submitted in support of their motion, including an expert affirmation of a psychiatrist, demonstrated, prima facie, that Lombard did not depart from good and accepted standard of medical practice in his treatment of the decedent (*see Ozugowski v City of New York*, 90 AD3d 875, 876 [2011]). However the appellants failed to establish, prima facie, that none of the alleged departures was a proximate cause of the decedent's death, as the affirmation of the appellants' expert was silent on the issue of proximate cause. As such, in order to defeat the motion, the plaintiff was only required to show the existence of a triable issue of fact as to a departure from good and accepted medical practice (*see Ballek v Aldana-Bernier*, 100 AD3d 811, 814 [2012]).

The plaintiff raised a triable issue of fact as to whether Lombard departed from good and accepted medical practice by failing to obtain the decedent's records from his prior mental health care providers, including the records from the Valley Hospital emergency room where the decedent had been seen earlier on the day he met with Lombard, and by conducting an inadequate suicide assessment (*see Thomas v Reddy*, 86 AD3d 602, 604 [2011]; *Fotinas v Westchester County Med. Ctr.*, 300 AD2d 437, 439 [2002]; *Seibert v Fink*, 280 AD2d 661, 662 [2001]), such that Lombard's treatment decision was "something less than a professional medical determination" (*Bell v New York City Health & Hosps. Corp.*, 90 AD2d 270, 282 [1982]). "A decision that is without proper medical foundation, that is, one which is not the product of a careful examination, is not to be legally insulated as a professional medical judgment" (*Bell v New York City Health & Hosps. Corp.*, 90 AD2d

at 280-281). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

The appellants' remaining contention is improperly raised for the first time on appeal and, therefore, is not properly before this Court. Mastro, J.P., Dillon, Miller and Barros, JJ., concur.