■ Michael Johnson, as Executor of Kevin Dowd, Deceased, Appellant, v Nassau University Medical Center et al., Defendants, and Kamil Jaghab, M.D., Respondent. [32 NYS3d 326]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered December 18, 2014, as granted the motion of the defendant Kamil Jaghab for summary judgment dismissing the amended complaint insofar as asserted against him and, upon searching the record, awarded summary judgment to the defendant Catholic Charities of the Diocese of Rockville Centre-Freeport Clinic dismissing so much of the amended complaint as alleged that it was vicariously liable for the acts or omissions of the defendant Kamil Jaghab.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of defendant Kamil Jaghab for summary judgment dismissing the amended complaint insofar as asserted against him is denied.

This action arises out of the treatment the plaintiff's decedent received for depression and his suicide as a result of his depression. Many of the facts are set forth in our decision and order in a related appeal (*see Johnson v Nassau Univ. Med. Ctr.*, 140 AD3d 704 [2016] [decided herewith]).

At issue on this appeal is whether the Supreme Court properly granted the motion of the defendant Kamil Jaghab for summary judgment dismissing the amended complaint insofar

as asserted against him and, upon searching the record, awarded summary judgment to the defendant Catholic Charities of the Diocese of Rockville Centre-Freeport Clinic (hereinafter the clinic) dismissing so much of the amended complaint as alleged that it was vicariously liable for the acts or omissions of Jaghab.

To prevail on a motion for summary judgment in a medical malpractice action, the defendant must make a prima facie showing either that there was no departure from accepted practice, or that any departure was not a proximate cause of the patient's injuries (*see Matos v Khan*, 119 AD3d 909, 910 [2014]). In response, the plaintiff need only raise an issue of fact regarding "the element or elements on which the defendant has made its prima facie showing" (*Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819 [2014]; *see Stukas v Streiter*, 83 AD3d 18 [2011]).

Here, by undertaking to diagnose the decedent's condition and directing a course of action, Jaghab assumed a duty of care and could be liable for medical malpractice if his care departed from accepted medical practice (*see Olgun v Cipolla*, 82 AD3d 1186 [2011]). He established, prima facie, that his conduct did not depart from the applicable standard of care.

In opposition, the affirmation of the plaintiff's expert raised triable issues of fact as to whether Jaghab departed from the applicable standard of care. " 'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions' " (*Guctas v Pessolano*, 132 AD3d 632, 633 [2015], quoting *Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *see Schmitt v Medford Kidney Ctr.*, 121 AD3d 1088, 1089 [2014]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court erred in granting Jaghab's motion for summary judgment dismissing the amended complaint insofar as asserted against him and in searching the record and awarding the clinic summary judgment dismissing so much of the amended complaint as alleged that it was vicariously liable for the acts or omissions of Jaghab. Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.