Gaston v New York City Health & Hosps. Corp. (2022 NY Slip Op 04716)

Gaston v New York City Health & Hosps. Corp.

2022 NY Slip Op 04716

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11719
 (Index No. 519162/16)

[*1]Parnelle Gaston, etc., appellant, 
v
New York City Health & Hospitals Corp., respondent.

Talisman & DeLorenz, P.C. (Sim & DePaola, LLP, Bayside, NY [Sang J. Sim], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Anna Gottlieb of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated August 22, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On November 1, 2015, the plaintiff's decedent arrived, by ambulance, at Kings County Hospital with scratches on his forearm and stated that he had attempted to commit suicide. After approximately 20 hours of treatment and observation, the decedent was discharged on November 2, 2015. The decedent committed suicide the following morning.
The plaintiff, individually and as administrator of the decedent's estate, commenced this action against the defendant, which operates Kings County Hospital, to recover, inter alia, damages for medical malpractice. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. By order dated August 22, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
To hold a physician or his or her employer "responsible for damages resulting from the actions of a psychiatric patient who has been released when the patient's release is a matter of professional judgment . . . , it must be shown that the decision to release the patient was something less than a professional medical determination founded upon a careful examination of the patient" (Stephen v City of New York, 137 AD3d 1003, 1004 [citations and internal quotation marks omitted]; see Ballek v Aldana-Bernier, 100 AD3d 811, 813; Thomas v Reddy, 86 AD3d 602, 604).
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864). "If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (id. at 864). Although [*2]summary judgment is generally inappropriate where the parties adduce conflicting medical expert opinions (see id.; Johnson v Nassau Univ. Med. Ctr., 140 AD3d 707, 708), "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 864).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, among other things, the affidavit of its expert, a board-certified psychiatrist, who opined, based on his review of, inter alia, the medical records, the deposition testimony, and the pleadings, that the discharging physician made a reasonable decision in accordance with the appropriate standard of care when she determined that the decedent was no longer at an immediate risk to himself and referred him to an outpatient clinic for follow-up (see Johnson v Nassau Univ. Med. Ctr., 140 AD3d 707, 708; Ballek v Aldana-Bernier, 100 AD3d at 814; Thomas v Reddy, 86 AD3d at 604). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert was conclusory, speculative, and unsupported by the evidence (see Stephen v City of New York, 137 AD3d at 1005; Ballek v Aldana-Bernier, 100 AD3d at 814; cf. Thomas v Reddy, 86 AD3d at 604).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court