Guadagno v Erie County Med. Ctr. Corp. (2026 NY Slip Op 01698)

Guadagno v Erie County Med. Ctr. Corp.

2026 NY Slip Op 01698

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1017 CA 24-01453

[*1]FRANCIS L. GUADAGNO, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF FRANCIS J. GUADAGNO, DECEASED, PLAINTIFF-APPELLANT,
vERIE COUNTY MEDICAL CENTER CORPORATION, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 

DOLCE PANEPINTO, P.C., BUFFALO (EDWARD L. SMITH, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN P. DANIEU OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 9, 2024. The order granted the motion of defendant Erie County Medical Center Corporation for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant Erie County Medical Center Corporation.
Memorandum: In this medical malpractice action, plaintiff seeks damages for the wrongful death of plaintiff's decedent following decedent's discharge against medical advice from the hospital operated by defendant Erie County Medical Center Corporation (defendant). Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint against it. We reverse.
We conclude, under the circumstances of this case, that defendant had a duty to ensure that decedent was no longer incapacitated to the degree that there was a likelihood to result in harm to decedent or others in order to allow for his discharge (cf. Kowalski v St. Francis Hosp. & Health Ctrs., 21 NY3d 480, 485-486 [2013]). A hospital does not owe an intoxicated patient, who went to the hospital voluntarily, a duty to prevent that patient from leaving the hospital against medical advice even when that patient has been admitted to the hospital for medical treatment (see id. at 486; Ingutti v Rochester Gen. Hosp., 114 AD3d 1302, 1302-1303 [4th Dept 2014], appeal dismissed 23 NY3d 929 [2014]). By contrast, however, the decedent here was admitted involuntarily (see Mental Hygiene Law former § 22.09 [e]). Defendant therefore had a duty to retain decedent for emergency treatment if decedent was incapacitated by alcohol or substances to such a degree that there was a likelihood to result in harm to decedent or others, as those terms are defined under Mental Hygiene Law former § 22.09 (cf. Kowalski, 21 NY3d at 485-486).
Assuming, arguendo, that defendant met its burden of demonstrating that it did not breach its duty to ensure that decedent was no longer incapacitated to the degree that there was a likelihood to result in harm to decedent or others, we conclude that plaintiff raised an issue of fact. Plaintiff's expert opined that, under the circumstances and "especially in such proximity to the events that occurred in the hospital in the hours prior to discharge," it was a breach of the standard of care to allow decedent to be discharged (see generally Carroll v Niagara Falls Mem. Med. Ctr., 218 AD3d 1373, 1374 [4th Dept 2023]; Ozugowski v City of New York, 90 AD3d 875, 877 [2d Dept 2011]; Bell v New York City Health & Hosps. Corp., 90 AD2d 270, 280-281 [2d [*2]Dept 1982]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court