In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated May 24, 2011, as granted the motion of the defendant Lewis Rosenberg for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the motion of the defendant Lewis Rosenberg for summary judgment dismissing the complaint insofar as asserted against him is denied.
In an action sounding in medical malpractice, a defendant physician moving for summary judgment must establish, prima facie, either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the plaintiffs injuries (see Faicco v Golub, 91 AD3d 817, 818 [2012]; *660 Stukas v Streiter, 83 AD3d 18, 24 [2011]). Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact with respect to the issues on which the defendant met the prima facie burden (see Stukas v Streiter, 83 AD3d at 30).
In support of his motion for summary judgment, the defendant physician Lewis Rosenberg submitted, inter alia, a transcript of his deposition testimony and the affirmation of an expert. Rosenberg testified at his deposition that at 3:30 a.m. on February 19, 2006, he received a telephone call from the plaintiff Brian LeMaire (hereinafter Brian), informing him that the plaintiff Christine LeMaire (hereinafter Christine), who was pregnant at that time, was leaking fluid from her vagina, that “the baby was in [breech] presentation,” and that Christine was scheduled for a cesarean section on the following Tuesday. Rosenberg acknowledged that there was an increased risk of a prolapsed umbilical cord with a baby in a “single footling” breech or a “double footling” breech, and that Brian informed him that he did not think the leaking fluid was urine. Rosenberg advised Christine to go to the hospital for an evaluation. A delivery nurse advised Rosenberg at approximately 5:00 a.m. by telephone that Christine had a prolapsed umbilical cord, and that the fetal heart rate was low. At that juncture, Rosenberg determined that a cesarean section had to be performed as soon as possible and proceeded to the hospital, where he performed the cesarean section at approximately 5:30 a.m. The child was delivered in a “severely depressed” and “compromised” condition and ultimately died.
Rosenberg’s expert stated in an affirmation that when Rosenberg received the 3:30 a.m. telephone call, “there was no way” for him to know whether Christine had actually ruptured her membranes and was leaking amniotic fluid, or was “actually experiencing ... a rush of urine,” so he acted appropriately in directing Christine to go to the hospital for an evaluation. The expert further stated that once the nurse informed Rosenberg by telephone at approximately 5:00 a.m. that Christine “had a prolapsed cord and was a breech presentation,” he left home immediately and delivered the child at 5:31 a.m. by cesarean section, “which was well within what would be deemed medically reasonable.” The expert further stated, without any elaboration, that the child’s “injuries and ultimate demise were not caused or contributed to by any of the acts or omissions of Dr. Rosenberg.” Since the opinion as to causation was presented in the most conclusory of terms, Rosenberg did not establish his prima facie entitlement to judgment as a mat *661 ter of law on that issue (see Faicco v Golub, 91 AD3d at 818). However, the affirmation was sufficient to make a prima facie showing that Rosenberg did not depart from accepted medical practice. Therefore, to defeat Rosenberg’s prima facie showing, the plaintiffs were required to raise a triable issue of fact with respect to the issue of whether there was a departure from accepted medical practice (see Stukas v Streiter, 83 AD3d at 25).
Under the circumstances of this case, the refusal of the Supreme Court to consider the plaintiffs’ expert affidavit submitted in opposition to Rosenberg’s motion for failure to comply with CPLR 3101 (d) (1) was an improvident exercise of discretion (see Rivers v Birnbaum, 102 AD3d 26 [2012]). Rosenberg disclosed his own expert pursuant to CPLR 3101 (d) (1) more than one month after the note of issue and certificate of readiness was filed, and approximately two weeks before he moved for summary judgment. There was no justification for treating the parties differently, and no evidence of prejudice from the plaintiffs’ late disclosure of their expert (see Hayden v Gordon, 91 AD3d 819, 820 [2012]).
Upon consideration of the affidavit of the plaintiffs’ expert, submitted in opposition to Rosenberg’s motion, we conclude that the plaintiffs satisfied their burden of raising a triable issue of fact with respect to the issue of whether there was a departure from accepted medical practice. The expert noted in his affidavit that Christine’s regular obstetrician, the defendant Sudha Kuncham, informed Rosenberg approximately one day before Christine went into labor of Christine’s condition, which involved a fetus in breech presentation. Further, Rosenberg was aware that the hospital did not have a doctor on call; therefore, according to the plaintiffs’ expert, if Christine needed treatment at the hospital, it was Rosenberg’s responsibility to provide it. The expert stated that “a fetus in breech presentation with rupture of membranes is at great risk for suffering a prolapsed cord,” and noted that Rosenberg agreed at his deposition that the risk of a prolapsed cord is increased in a single or double footling breech. In the opinion of the plaintiffs’ expert, the leaking fluid described by Brian “should have been considered amniotic fluid until proven otherwise,” and that opinion was supported by Rosenberg’s acknowledgment at his deposition that Brian told him he did not think the leaking fluid was urine. The plaintiffs’ expert further opined that Rosenberg “had an obligation to immediately go to the hospital after the first conversation with [Brian] in order to fully evaluate the patient and be prepared to immediately perform a cesarean section.” Thus, there are triable issues of fact which preclude awarding *662 Rosenberg summary judgment dismissing the complaint insofar as asserted against him.
Rosenberg’s remaining contentions are without merit.
In view of the foregoing, the order appealed from must be reversed insofar as appealed from, and Rosenberg’s motion for summary judgment dismissing the complaint insofar as asserted against him denied. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur. [Prior Case History: 2011 NY Slip Op 31539(11).]