■ CEANNA MAKINEN, Individually and as Administratrix of the Estate of MICHAEL MAKINEN, Deceased, Respondent, v MICHAEL WILLIAM TORELLI, M.D., et al., Appellants, et al., Defendants. [965 NYS2d 529]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants Michael William Torelli and South Shore Family Practice Associates, P.C., appeal, and the defendant Kerri Ann Petitpain separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated May 8, 2012, as granted that branch of the plaintiff's motion which was for leave to reargue her opposition to those branches of their separate motions which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them, which had been granted in a prior order dated July 7, 2011, and, upon reargument, vacated that portion of the order dated July 7, 2011, and thereupon, denied those branches of their motions.

Ordered that the order dated May 8, 2012, is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

On August 13, 2005, the decedent, Michael Makinen, went to

South Shore Family Practice Associates, P.C. (hereinafter South Shore), seeking treatment for back pain, a cough, chest congestion, and a sore throat. The decedent, then 42 years old, was a smoker, and had experienced instances of high blood pressure in the past. At his August 13 visit, the decedent was examined by Kerri Ann Petitpain, a family nurse practitioner, who diagnosed him with bronchitis. Three days later, the decedent returned to South Shore and was examined by Dr. Michael William Torelli, who again diagnosed him with bronchitis. On the following day, the decedent died of a ruptured aortic dissection. The decedent's wife subsequently commenced this action against several parties, including Torelli, South Shore, and Petitpain, alleging, inter alia, that the decedent's death had been caused by the failure of Torelli and Petitpain to timely diagnose and treat his aortic dissection.

After discovery had been completed, Petitpain moved, and Torelli and South Shore separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. In support of her motion, Petitpain submitted an affidavit in which she averred that she had not departed from accepted standards of nursing and professional practice in failing to consider aortic dissection as a diagnosis or differential diagnosis, in part because the decedent did not describe his back pain as severe. Petitpain's motion was also supported by the deposition testimony of the parties and medical records. In their separate motion, Torelli and South Shore, which is alleged to be vicariously liable for Torelli's malpractice, adopted Petitpain's arguments and relied upon her evidentiary submissions. In an order dated July 7, 2011, the Supreme Court granted the motions. However, in a subsequent order dated May 8, 2012, the Supreme Court granted the plaintiff's motion for leave to reargue her opposition to the motions. Upon reargument, the Supreme Court vacated that portion of the prior order which had granted those branches of the separate motions of Petitpain, and Torelli and South Shore which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them, and thereupon denied those branches of their motions. Petitpain, Torelli, and South Shore appeal.

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue (see Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777 [2012]; Shields v Kleiner, 93 AD3d 710, 711 [2012]; Fung v Uddin, 60 AD3d 992, 993 [2009]).

In an action sounding in medical malpractice, a defendant

moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries (*see Poter v Adams*, 104 AD3d 925 [2013]; *Mehra v Nayak*, 103 AD3d 857 [2013]; *LeMaire v Kuncham*, 102 AD3d 659 [2013]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden (*see LeMaire v Kuncham*, 102 AD3d at 660; *Stukas v Streiter*, 83 AD3d at 23-25).

Here, Petitpain made a prima facie showing that she did not depart from good and accepted nursing and professional practice in her examination and treatment of the decedent through the submission of her own affidavit, the deposition testimony of the parties, and medical records (*see Garbowski v Hudson Val. Hosp. Ctr.*, 85 AD3d 724, 727 [2011]; *Perro v Schappert*, 47 AD3d 694 [2008]). However, she did not make an independent prima facie showing that no claimed departure was a proximate cause of the decedent's injuries (*see Stukas v Streiter*, 83 AD3d at 31). Thus, the plaintiff was only required to raise a triable issue of fact as to whether Petitpain committed a departure in order to defeat her motion (*see Mehra v Nayak*, 103 AD3d 857 [2013]; *Stukas v Streiter*, 83 AD3d at 30). The plaintiff did so through the affirmation of her expert physician, which was sufficient to raise a triable issue of fact as to whether Petitpain departed from accepted practice by, inter alia, failing to consider the possibility of whether the decedent's back pain had a cardiac cause and order appropriate tests, despite the fact that the decedent had significant risk factors for aortic dissection (*see Poter v Adams*, 104 AD3d 925 [2013]; *Olgun v Cipolla*, 82 AD3d 1186, 1187 [2011]). Accordingly, on reargument, the Supreme Court properly denied that branch of Petitpain's motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against her.

On reargument, the Supreme Court also properly denied that branch of the motion of Torelli and South Shore which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against them. Torelli and South Shore did not submit either an affidavit from Torelli or an expert affidavit to establish that Torelli did not depart from good and accepted medical practice in his examination and treatment of the decedent on August 16, 2005. Although Torelli and South Shore relied on Petitpain's submissions, her affidavit did not address

Torelli's treatment, and as a nurse practitioner, she was not qualified to render a medical opinion as to the relevant medical standard of care and whether Torelli had departed from that standard (*see Vera v Soohoo*, 41 AD3d 586, 588 [2007]; *Savage v Franco*, 35 AD3d 581, 583 [2006]; *Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482 [2004]; *Mills v Moriarty*, 302 AD2d 436 [2003]). Since Torelli and South Shore failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31373(U).]**