*978 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated December 7, 2011, which granted the motion of the defendants Weng Qu Ju and Weng Hau Yin for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law and in the exercise of discretion, the facts, and in the exercise of discretion, with costs, and the motion of the defendants Weng Qu Ju and Weng Hau Yin for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action to recover damages for personal injuries after she allegedly tripped and fell on a sidewalk defect located on real property in Queens. The defendants Weng Qu Ju and Weng Hau Yin (hereinafter together the respondents) moved for summary judgment dismissing the complaint insofar as asserted against them and, in opposition, the plaintiff submitted, among other things, the affidavit of an expert. In the order appealed from, the Supreme Court granted the respondents’ motion. The court refused to consider the plaintiff’s expert affidavit submitted in opposition to the respondents’ motion for failure to comply with CPLR 3101 (d) (1) (i).
“[A] party’s failure to disclose its experts pursuant to CPLR 3101 (d) (1) (i) prior to the filing of a note of issue and certificate of readiness does not divest a court of the discretion to consider an affirmation or affidavit submitted by that party’s experts in the context of a timely motion for summary judgment” (Rivers v Birnbaum, 102 AD3d 26, 31 [2012]). Under the circumstances of this case, it was an improvident exercise of discretion to refuse to consider the affidavit of the plaintiffs expert submitted in opposition to the respondents’ motion (see LeMaire v Kuncham, 102 AD3d 659, 661 [2013]).
On the merits, although the respondents established, prima facie, their entitlement to judgment as a matter of law, the plaintiffs submissions in opposition were sufficient to raise a triable issue of fact as to whether the alleged sidewalk defect over which the plaintiff fell was located on the respondents’ property (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Accordingly, the Supreme Court should have denied the respondents’ motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.