In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated February 17, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
In January 2008, the plaintiff was admitted on an inpatient basis to a psychiatric unit of the defendant Baley Seton Hospital. During her stay, the plaintiff was allegedly assaulted by another *918 patient The plaintiff commenced this action, inter alia, to recover damages for personal injuries allegedly inflicted on her by a fellow patient at the defendant Bayley Seton Hospital, asserting theories of recovery based upon, among others, negligence and medical malpractice. The defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted an expert affidavit, although the plaintiff objected to the affidavit on the ground that the defendants failed to timely disclose their expert. In the order appealed from, the Supreme Court granted the defendants’ motion, based, in part, on the defendants’ expert’s affidavit. The plaintiff appeals.
With regard to the plaintiff’s allegations of simple negligence, “[a] hospital, like any other property owner, has a duty to protect persons lawfully present on its premises, including patients and visitors, from the reasonably foreseeable criminal or tortious acts of third persons” (Royston v Long Is. Med. Ctr., Inc., 81 AD3d 806, 807 [2011]; see Sandra M. v St. Luke’s Roosevelt Hosp. Ctr., 33 AD3d 875, 878 [2006]). “A hospital also has a special duty ‘to safeguard the welfare of its patients, even from harm inflicted by third persons, measured by the capacity of the patient to provide for his or her own safety’ ” (Sandra M. v St. Luke’s Roosevelt Hosp. Ctr., 33 AD3d at 878, quoting N.X. v Cabrini Med. Ctr., 97 NY2d 247, 252 [2002]). “Both theories of liability require a showing that the wrongdoer’s conduct was foreseeable to the defendant” (Sandra M. v St. Luke’s Roosevelt Hosp. Ctr., 33 AD3d at 878; see N.X. v Cabrini Med. Ctr., 97 NY2d at 253). Here, the defendants established their prima facie entitlement to judgment as a matter of law on the cause of action alleging ordinary negligence by demonstrating, among other things, that the alleged assailant’s conduct was not foreseeable to them. In opposition to the defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In a cause of action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient’s injuries (see Makinen v Torelli, 106 AD3d 782, 783-784 [2013]; Poter v Adams, 104 AD3d 925, 926 [2013]; Mehra v Nayak, 103 AD3d 857, 859-860 [2013]; LeMaire v Kuncham, 102 AD3d 659, 659 [2013]; Stukas v Streiter, 83 AD3d 18, 24 [2011]). Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant’s prima facie showing, but *919 only as to those elements on which the defendant met the prima facie burden (see Makinen v Torelli, 106 AD3d at 784; LeMaire v Kuncham, 102 AD3d at 660; Stukas v Streiter, 83 AD3d at 23-25). Here, insofar as the plaintiff alleged a cause of action sounding in medical malpractice, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating the absence of any departure from accepted medical practice, and that, in any event, any departure was not a proximate cause of the plaintiffs alleged injuries. Contrary to the plaintiffs contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in considering the defendants’ expert’s affidavit (see Rivers v Birnbaum, 102 AD3d 26 [2012]). In opposition to the defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The plaintiffs remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Dickerson, J.E, Hall, Cohen and Miller, JJ., concur.