In an action to recover damages for personal injuries, the defendants Wieslaw Wojtanowicz, Westrans, Inc., and Maciej J. Ryszard Tyryllo appeal from so much of an order of the Supreme Court, Kings County (Ash, J.), dated August 16, 2012, as granted the motion of the defendants Metropolitan Transportation Authority, New York City Transit Authority, and Emilio M. Colon for summary judgment dismissing the complaint and all cross claims asserted against them, and denied those branches of their cross motion which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Yluminada Abreu and Justina Perez on the ground that those plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the appeal from so much of the order as granted the motion of the defendants Metropolitan Transportation Authority, New York City Transit Authority, and Emilio M. Colon for summary judgment on the issue of liability dismissing the complaint and all cross claims insofar as asserted against them is dismissed, on the ground that that part of the order was superseded and rendered academic by an order of the *973 Supreme Court, Kings County, dated March 27, 2013, which, upon reargument, denied that motion and, in any event, the appellants were not aggrieved by the granting of that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the movants; and it is further,
Ordered that the order is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiffs Yluminada Abreu and Justina Perez, and Alexandra Suero, an infant, were passengers on a bus owned by the defendants Metropolitan Transportation Authority and New York City Transit Authority and operated by the defendant Emilio M. Colon (hereinafter collectively the MTA defendants). The plaintiffs commenced this action (the infant by Perez, her mother and natural guardian) to recover damages for injuries they claim they sustained when a truck owned by the defendants Wieslaw Wojtanowicz and Westrans, Inc., and operated by the defendant Maciej J. Ryszard Tyryllo (hereinafter collectively the Westrans defendants) came into contact with the bus. The infant plaintiff is no longer involved in the action.
The Westrans defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them by Abreu and Perez. They met their prima facie burden of showing that Abreu and Perez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).
However, Abreu and Perez, in opposition, raised triable issues of fact as to whether the alleged injuries to Abreu’s right knee and the cervical region of her spine and to Perez’s right shoulder were caused by the accident and constituted serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 215-218 [2011]).
With respect to Abreu’s right knee and cervical spine and Perez’s right shoulder, the plaintiffs provided the affirmed reports of Dr. Gideon Hedrych made upon his examination of Abreu and Perez contemporaneous with the accident that raised triable issues of fact as to the issue of permanent consequential limitation of use. As to the issue of significant limitation of use of Abreu’s cervical spine and Perez’s right shoulder, triable issues of fact were raised by Hedrych’s affirmed report dated March 10, 2009, which detailed his examination of Abreu’s cervi *974 cal spine nine months after the accident and by the Westrans defendants’ own expert’s examination of, and report on, Perez’s right shoulder.
As to the issue of significant limitation of use of Abreu’s right knee, the plaintiffs submitted the affirmed report of Dr. Jerry Lubliner which, together with an affirmation, was provided by the plaintiffs to the Westrans defendants after the note of issue had been filed in opposition to the Westrans defendants’ cross motion for summary judgment. The Supreme Court did not improvidently exercise its discretion in considering that report and affirmation in denying summary judgment to the Westran defendants. “[A] party’s failure to disclose its experts pursuant to CPLR 3101 (d) (1) (i) prior to the filing of a note of issue and certificate of readiness does not divest a court of the discretion to consider an affirmation or affidavit submitted by that party’s experts in the context of a timely motion for summary judgment” (Rivers v Birnbaum, 102 AD3d 26, 31 [2012]; see Salcedo v Weng Qu Ju, 106 AD3d 977, 978 [2013]). Abreu and Perez submitted the Lubliner affirmed report and affirmation in opposition to the Westrans defendants’ timely cross motion for summary judgment, and the Westrans defendants had the opportunity to refute Lubriner’s conclusions in their reply. There is no evidence of prejudice to the Westrans defendants from the plaintiffs’ late disclosure of their expert.
Thus, the Supreme Court properly considered the Lubliner affirmation and affirmed report even though Lubliner was only disclosed to the Westrans defendants after the note of issue was filed, as there was no evidence that the plaintiffs’ delay in retaining the expert or in serving their expert information was intentional or willful, and prejudicial, to the Westrans defendants (see Burbige v Siben & Ferber, 115 AD3d 632 [2014]; CPLR 3101 [d] [1] [i]).
Accordingly, the Supreme Court properly denied those branches of the Westrans defendants’ cross motion which were for summary judgment dismissing the complaint insofar as asserted against them by Abreu and Perez on the ground that they did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the accident.
Rivera, J.R, Chambers, Austin and Duffy, JJ., concur.