■ JACQUELINE MATOS, Respondent, v FEROZE B. KHAN, Appellant. [991 NYS2d 83]—

In an action to recover damages for medical malpractice, lack of informed consent, and wrongful death, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 10, 2012, as denied those branches of his motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries (*see Makinen v Torelli*, 106 AD3d 782, 783-784 [2013]; *LeMaire v Kuncham*, 102 AD3d 659, 659 [2013]; *DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]). Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden (*see Makinen v Torelli*, 106 AD3d at 784; *LeMaire v Kuncham*, 102 AD3d at 660; *Stukas v Streiter*, 83 AD3d 18, 24-25, 30 [2011]).

Here, the defendant made a prima facie showing that he did not depart from good and accepted medical practice through the submission of the deposition testimony of the parties, medical records, and the affirmation of his medical expert. The defendant's expert opined, based on the medical records and deposition testimony, inter alia, that, in light of the absence of signs or symptoms indicative of deep vein thrombosis or pulmonary embolism, the defendant's actions in declining to order the continuation of prophylactic anti-coagulation therapy after the decedent was discharged from the hospital on June 22, 2009, were in accordance with good and accepted medical practice (*see Shields v Kleiner*, 93 AD3d 710, 712 [2012]). However, the defendant failed to make an independent prima facie showing that no claimed departure was a proximate cause of the decedent's injuries (*see Makinen v Torelli*, 106 AD3d at 784; *Mehra v Nayak*, 103 AD3d 857, 860 [2013]; *Stukas v Streiter*, 83 AD3d at 31). Thus, to defeat the defendant's motion for summary judgment with respect to the medical malpractice cause of action, the plaintiff was only required to raise a triable issue of fact as to whether the defendant departed from good and accepted medical practice (*see Makinen v Torelli*, 106 AD3d at 784; *Mehra v Nayak*, 103 AD3d at 860; *Stukas v Streiter*, 83 AD3d at 30).

Contrary to the defendant's contention, the plaintiff raised, through the affirmation of her medical expert, a triable issue of fact as to whether the defendant departed from good and accepted medical practice when, despite the symptoms the decedent allegedly was experiencing at an office visit on June 30, 2009, the defendant failed to diagnose her with deep vein thrombosis, failed to properly treat that condition, and failed to take appropriate steps to prevent her from developing pulmonary embolism as a result of that condition (*see Poter v Adams*, 104 AD3d 925, 926 [2013]). Additionally, because the cause of

action alleging wrongful death was premised on the defendant's alleged medical malpractice, the same conclusions apply as to this cause of action (*see Ahmed v Pannone*, 116 AD3d 802 [2014]).

Contrary to the defendant's contention, the relevant portions of the deposition testimony of the decedent's boyfriend, upon which the plaintiff's expert relied, were not hearsay. The boyfriend's testimony concerning the decedent's complaints about pain was not hearsay, as it was not offered to prove the truth of the matter asserted therein (*see Papa v Sarnataro*, 17 AD3d 430, 432 [2005]). Further, his testimony concerning, inter alia, the decedent's shortness of breath and leg swelling was not hearsay, as it was based, at least in part, on his personal observations (*see Taveras v City of New York*, 108 AD3d 614, 616 [2013]).

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.