Kelly v Rosca (2018 NY Slip Op 05922)





Kelly v Rosca


2018 NY Slip Op 05922


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-03111
2016-08150
2016-08800
 (Index No. 3341/14)

[*1]Tevin Kelly, appellant, 
v
Mihai Rosca, etc., et al., respondents, et al., defendants.


The Gucciardo Law Firm, PLLC (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered March 1, 2016, (2) an order of the same court entered June 17, 2016, and (3) a judgment of the same court entered July 13, 2016. The order entered March 1, 2016, insofar as appealed from, granted that branch of the motion of the defendants Mihai Rosca, Chris Gelabert, Jennifer Megale, North Shore University Hospital-Manhasset, and Walter Valesky which was for summary judgment dismissing the complaint insofar as asserted against the defendants Chris Gelabert, North Shore University Hospital-Manhasset, and Walter Valesky. The order entered June 17, 2016, insofar as appealed from, in effect, upon reargument, adhered to the original determination in the order entered March 1, 2016, granting that branch of the motion. The judgment, insofar as appealed from, dismissed the complaint insofar as asserted against the defendants Chris Gelabert, North Shore University Hospital-Manhasset, and Walter Valesky.
ORDERED that the appeals from the orders entered March 1, 2016, and June 17, 2016, are dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, the complaint is reinstated insofar as asserted against the defendants Chris Gelabert, North Shore University Hospital-Manhasset, and Walter Valesky, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against those defendants is denied, the order entered March 1, 2016, is modified accordingly, and so much of the order entered June 17, 2016, as, in effect, upon reargument, adhered to the original determination in the order entered March 1, 2016, granting that branch of the motion, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the intermediate orders entered March 1, 2016, and June 17, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment [*2](see CPLR 5501[a][1]).
The plaintiff went to the emergency room of the defendant North Shore University Hospital-Manhasset (hereinafter the Hospital) on October 2, 2013, complaining of left shin pain after playing basketball. He was examined by the defendant Walter Valesky, a sports medicine fellow, and the defendant Chris Gelabert, the emergency department attending physician. X rays were taken, and the plaintiff was discharged with instructions to take Motrin and follow up with an orthopedist or sports medicine doctor. The plaintiff's pain persisted, and five days later he saw a sports medicine doctor. After examining the plaintiff and taking an X ray, the sports medicine doctor diagnosed the plaintiff with compartment syndrome and directed him to go to a hospital. The plaintiff returned to the Hospital, where he underwent emergency surgery for compartment syndrome.
The plaintiff thereafter commenced this action sounding in medical malpractice against, among others, the Hospital, Gelabert, and Valesky (hereinafter collectively the emergency room defendants), alleging a failure to timely diagnose and treat the compartment syndrome during the October 2, 2013, emergency room visit. The emergency room defendants jointly moved with other defendants (hereinafter collectively the moving defendants) for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the moving defendants submitted an affirmation of a board-certified vascular surgeon, who opined that the emergency room defendants did not depart from the accepted standard of care in their treatment of the plaintiff on October 2, 2013, as the plaintiff did not have symptoms consistent with compartment syndrome at the time of that visit.
In opposition to the motion, the plaintiff submitted evidence that prior to the emergency room visit, he had been trying out for his college's basketball team when he began to experience pain in his leg, and that the college athletic trainer referred him to the emergency room with suspected compartment syndrome based upon his symptoms. The plaintiff also submitted an affirmation from an expert, a physician certified in general surgery, who opined that the plaintiff had presented to the emergency room on October 2, 2013, with symptoms of compartment syndrome and that the moving defendants departed from the accepted standard of care by failing to perform adequate testing and diagnose the compartment syndrome, from which the plaintiff was suffering at that time.
In an order entered March 1, 2016, the Supreme Court granted the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff subsequently moved for leave to reargue his opposition to those branches of the moving defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the emergency room defendants. In an order entered June 17, 2016, the court, in effect, upon reargument, adhered to its original determination. In a judgment entered July 13, 2016, the court dismissed the complaint. The plaintiff appeals, arguing that summary judgment was erroneously awarded to the emergency room defendants.
To prevail on a motion for summary judgment in a medical malpractice action, the defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that any departure was not a proximate cause of the patient's injuries (see Matos v Khan, 119 AD3d 909, 910; Makinen v Torelli, 106 AD3d 782, 783-784; LeMaire v Kuncham, 102 AD3d 659). Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact with respect to the issues on which the defendant met the prima facie burden (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18, 24-25).
Here, the moving defendants failed to establish, prima facie, that the emergency room defendants did not depart from good and accepted standards of medical care, or that any such departure was not a proximate cause of the plaintiff's injuries. The moving defendants' expert merely recounted the treatment rendered and opined in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice (see Barlev v Bethpage Physical Therapy Assocs, P.C., 122 AD3d 784; Yaegel v Ciuffo, 95 AD3d 1110, 1112; Faicco v Golub, 91 [*3]AD3d 817, 818; Couch v County of Suffolk, 296 AD2d 194, 198; cf. Menzel v Plotnick, 202 AD2d 558, 559). In light of this determination, it is unnecessary to review the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the emergency room defendants.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court