Refuse v Wehbeh (2018 NY Slip Op 08704)





Refuse v Wehbeh


2018 NY Slip Op 08704


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-04119
 (Index No. 27018/10)

[*1]Natacha Refuse, appellant,
v
Hassan Wehbeh, et al., respondents.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman and D. Allen Zachary of counsel), for appellant.
Helwig, Henderson, LaMagna, Gray & Spinola, LLP, Syosset, NY (Pamela Gleit of counsel), for respondent Hassan Wehbeh.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell, David A. Beatty, and David Bloom of counsel), for respondent Jason J. Halper.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), entered March 18, 2016. The judgment, upon an order of the same court dated May 19, 2015, granting the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them, is in favor of the defendants and against the plaintiff, dismissing the complaint.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Jason J. Halper; as so modified, the judgment is affirmed, with one bill of costs payable by the defendant Jason J. Halper to the plaintiff, and one bill of costs payable by the plaintiff to the defendant Hassan Wehbeh, the motion of the defendant Jason J. Halper for summary judgment dismissing the complaint insofar as asserted against him is denied, the order dated May 19, 2015, is modified accordingly, and the complaint is reinstated insofar as asserted against the defendant Jason J. Halper.
In May 2008, the plaintiff, who was 42 years old at the time, began receiving prenatal care from the defendant Jason J. Halper, an obstetrician/gynecologist. The plaintiff had a history of preeclampsia and gestational diabetes during a previous pregnancy. She also was considered a high-risk patient based on her advanced maternal age. Halper referred the plaintiff to the defendant Hassan Wehbeh, a perinatologist.
In a report to Halper dated July 14, 2008, Wehbeh indicated that the plaintiff had a low lying placenta, meaning that the edge of the placenta was between 1 millimeter and 20 [*2]millimeters away from the internal os (the opening into the uterus) of the cervix. On August 1, 2008, Wehbeh reported to Halper that the plaintiff had placenta previa, a condition in which the placenta is touching or covering the internal os of the cervix. In a report to Halper dated October 6, 2008, Wehbeh stated that the plaintiff had low lying "[m]arginal placenta previa—posterior." On November 3, 2008, Wehbeh reported to Halper that the placenta was low-lying, and on December 17, 2008, Wehbeh reported to Halper that the placenta was "posterior."
On December 18, 2008, one day before the expected due date, the plaintiff was admitted to New York Methodist Hospital for her labor to be induced because she had gestational diabetes. The fetal weight was estimated to be above the 90th percentile. As part of inducing labor, Halper attempted to perform an amniotomy, which is an artificial rupture of the membranes. When Halper performed the amniotomy, the plaintiff began to hemorrhage rapidly. She lost approximately 1500 milliliters of blood. Because the plaintiff continued to hemorrhage, Halper performed an emergency cesarean section. In an operation report, Halper described the placenta as "posterior and low" during the delivery.
On December 19, 2008, the plaintiff gave birth to a healthy baby girl weighing nine pounds, three ounces. Four days later, the plaintiff underwent an exploratory laparotomy, which revealed the presence of two pinhole perforations in her bowel. The perforations were treated with colon and small bowel resections and a temporary ileostomy.
The plaintiff commenced this action against Wehbeh and Halper, among others, to recover damages for medical malpractice in connection with her prenatal care, labor, and delivery. Wehbeh and Halper separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the separate motions. The plaintiff appeals.
"In an action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (Matos v Khan, 119 AD3d 909, 910; see Makinen v Torelli, 106 AD3d 782, 783-784). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Terranova v Finklea, 45 AD3d 572, 572; see Ward v Engel, 33 AD3d 790, 791). Once a defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden (see Poter v Adams, 104 AD3d 925, 926; Stukas v Streiter, 83 AD3d 18, 23-24).
Here, Wehbeh established his prima facie entitlement to judgment as a matter of law by submitting deposition testimony, the plaintiff's medical records, and expert affirmations, which demonstrated that he did not depart from good and accepted standards of medical practice in his treatment of the plaintiff and, in any event, that any alleged departures were not a proximate cause of the plaintiff's injuries (see Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc., 157 AD3d 773; Duvidovich v George, 122 AD3d 666; Roca v Perel, 51 AD3d 757). In opposition, the plaintiff failed to raise a triable issue of fact.
However, Halper failed to make a prima facie showing that he was entitled to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Terranova v Finklea, 45 AD3d at 573; Ward v Engel, 33 AD3d at 791). Halper's experts, the physicians Heidrun Rotterdam and Joan S. Adams, failed to address the allegations, set forth in the bill of particulars, that the amniotomy was contraindicated in light of the plaintiff's history of low-lying placenta or placenta previa, that Halper performed the amniotomy improperly, and that he thereby created the need for an emergency caesarean section. Although Halper's experts opined that the bowel injury, which occurred during the emergency caesarean section, was not caused by Halper's treatment of the plaintiff, they failed to address the plaintiff's allegation that the amniotomy necessitated the emergency caesarean section. Contrary to Halper's contention, these allegations were not improperly asserted as alternative theories of liability for the first time [*3]in opposition to his motion (see Smith v Agnant, 131 AD3d 463, 466; cf. Dolan v Halpern, 73 AD3d 1117, 1119). Further, Halper could not sustain his prima facie burden by relying on evidence that he submitted for the first time with his reply papers (see Poole v MCPJF, 127 AD3d 949; Damas v Valdes, 84 AD3d 87, 96). Since Halper failed to make a prima facie showing, his motion should have been denied regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court