Wodzenski v Eastern Long Is. Hosp. (2019 NY Slip Op 01819)





Wodzenski v Eastern Long Is. Hosp.


2019 NY Slip Op 01819


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-07785
 (Index No. 22738/10)

[*1]Kyle Wodzenski, respondent, 
v
Eastern Long Island Hospital, defendant, North Fork Orthopedic and Sports Medicine, PLLC, et al., appellants.


Perry, Van Etten, Rozanski & Primavera, LLP, Melville, NY (Henry M. Primavera of counsel), for appellants.
The Berkman Law Office, LLC, Brooklyn, NY (David S. Steigbigel and Norman Steiner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants North Fork Orthopedic and Sports Medicine, PLLC, Fred Moore Carter II, and J. Rongo appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated June 16, 2016. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was injured on August 31, 2009, when a log fell on his left hand, crushing his index finger and the tip of his middle finger. At the defendant Eastern Long Island Hospital (hereinafter the hospital), the defendant Fred Moore Carter II operated on the plaintiff's fingers. Following the surgery, the plaintiff's left arm was put in a splint and bandaged from the mid-forearm to the tip of the fingers. The plaintiff stayed in the hospital overnight and was discharged the following morning. On September 3, 2009, the plaintiff went to Carter's office for a check-up, where he was seen by the defendant J. Rongo, Carter's physician's assistant. Rongo examined the plaintiff's arm and hand without removing the dressing. The plaintiff returned to Carter's office on September 11, 2009. Carter removed the dressing, and told the plaintiff that his index finger "had died" and that it would need to be amputated. The plaintiff's index finger was amputated one week later.
The plaintiff commenced this action against Carter, Rongo, their employer, the defendant North Fork Orthopedic and Sports Medicine, PLLC (hereinafter collectively the North Fork defendants), and the hospital. The North Fork defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, and the North Fork defendants appeal.
To prevail on a motion for summary judgment in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that any departure was not a proximate cause of the patient's injuries [*2](see Kelly v Rosca, 164 AD3d 888, 891; Matos v Khan, 119 AD3d 909, 910; Makinen v Torelli, 106 AD3d 782, 783-784; LeMaire v Kuncham, 102 AD3d 659). Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact with respect to the issues on which the defendant met the prima facie burden (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18, 24-25).
Here, the North Fork defendants failed to establish, prima facie, that they did not depart from good and accepted standards of medical care, or that any such departure was not a proximate cause of the plaintiff's injuries. The North Fork defendants' expert merely recounted the treatment rendered and opined in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice (see Kelly v Rosca, 164 AD3d at 891; Barlev v Bethpage Physical Therapy Assoc., P.C., 122 AD3d 784; Yaegel v Ciuffo, 95 AD3d 1110, 1112; Faicco v Golub, 91 AD3d 817, 818; Couch v County of Suffolk, 296 AD2d 194, 198; cf. Menzel v Plotnick, 202 AD2d 558, 559). In light of this determination, it is unnecessary to review the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the North Fork defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court