Powell v Oudkerk (2025 NY Slip Op 02233)

Powell v Oudkerk

2025 NY Slip Op 02233

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-05458
 (Index No. 522164/19)

[*1]Jean Powell, etc., respondent, 
v
Collie Oudkerk, etc., defendant, Akeem Atanda, etc., et al., appellants.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Samantha E. Quinn and Suhlail Villa of counsel), for appellants.
Lazar Grunsfeld Elnadav, LLP, Brooklyn, NY (Gerry Grunsfeld of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Akeem Atanda and Brookdale Hospital Medical Center appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated March 30, 2023. The order denied the those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Akeem Atanda and Brookdale Hospital Medical Center which was for summary judgment dismissing the cause of action alleging negligent hiring and retention, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On September 4, 2017, the plaintiff's decedent, while standing on a sidewalk in a residential neighborhood, was struck by a motor vehicle that veered off a roadway. The decedent was transported by ambulance to the emergency department of the defendant Brookdale Hospital Medical Center (hereinafter Brookdale), where she received treatment from the defendant Akeem Atanda, among others. The following day, Atanda discharged the decedent from Brookdale. Shortly before midnight on September 7, 2017, the decedent went into cardiac arrest and collapsed. Emergency medical personnel responded to the scene and transported the decedent by ambulance back to Brookdale, where she died. An autopsy determined that the cause of the decedent's death was "deep venous thrombosis of lower extremities with pulmonary thromboembolism following blunt impact injury."
In October 2019, the plaintiff, individually and as administrator of the decedent's estate, commenced this action against Brookdale and Atanda (hereinafter together the defendants), and another defendant. In the complaint, the plaintiff asserted causes of action to recover damages for medical malpractice and wrongful death against all defendants and a cause of action alleging negligent hiring and retention solely against Brookdale. In May 2022, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion. By order dated March 30, 2023, the Supreme Court denied the motion. The defendants [*2]appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Santiago v Abramovici, 226 AD3d 720, 721 [internal quotation marks omitted]). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted]). "If the defendant meets this burden, the plaintiff, in opposition, must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden, including by rebutting the specific assertions of the defendant's expert" (Campbell v Ditmas Park Rehabilitation & Care Ctr., LLC, 225 AD3d 835, 836 [citation, alteration, and internal quotation marks omitted]). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 860).
Here, in support of their motion, the defendants submitted, among other things, the pleadings, the decedent's medical records from Brookdale, the autopsy report, and transcripts of the deposition testimony of the plaintiff and of Atanda. The defendants also submitted an affirmation from their expert, who was board certified in surgery and surgical critical care. The expert opined, inter alia, that the defendants did not depart from the applicable standards of care in their treatment of the decedent. According to the defendants' expert, Brookdale's staff, including Atanda, performed appropriate testing and rendered proper treatment to the decedent in light of her complaints and history. The expert averred that the staff had "no reason to suspect" that the decedent may have been suffering from deep vein thrombosis (hereinafter DVT) and, as a result, "there was no reason or indication to" perform testing to rule out that condition. Based on the expert's affirmation and other submissions, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them by showing that they did not depart from the applicable standards of care in their treatment of the decedent (see Ivey v Mbaidjol, 202 AD3d 1070, 1072; Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864-865). However, contrary to the defendants' contention, they failed to demonstrate, prima facie, that the claimed departures from the standards of care were not a proximate cause of the decedent's injuries (see Hackett v Bybordi, 212 AD3d 598, 600; Matos v Khan, 119 AD3d 909, 910; Post v County of Suffolk, 80 AD3d 682, 685).
In light of the defendants' prima facie showing, "the plaintiff was only required to raise a triable issue of fact as to whether the defendant[s] departed from good and accepted medical practice[s]" (Matos v Khan, 119 AD3d at 910). In opposition to the defendants' motion, the plaintiff submitted, among other things, an affirmation of an expert, who was board certified in internal medicine and pulmonary medicine. The plaintiff's expert averred, inter alia, that the decedent's "history[,] . . . clinical profile[,] . . . and signs and symptoms . . . meant that she was at a high risk of having/developing [DVT]." Since the defendants failed "to consider DVT as a differential diagnosis with respect to the cause of [the decedent's] leg pain" or "perform a diagnostic study to check if [she] had . . . DVT," among other omissions, the expert opined that the defendants departed from applicable standards of care. Contrary to the defendants' contention, the affirmation of the plaintiff's expert was sufficient to raise triable issues of fact on that point (see Ivey v Mbaidjol, 202 AD3d at 1072; Matos v Khan, 119 AD3d at 910). "[B]ecause the cause of action alleging wrongful death was premised on the defendant's alleged medical malpractice, the same conclusions apply [to both] cause[s] of action" (Matos v Khan, 119 AD3d at 910-911).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them.
However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent hiring [*3]and retention. In opposition to the defendants' showing of their prima facie entitlement to judgment as a matter of law dismissing that cause of action, the plaintiff, who "did not address or specifically oppose that branch of the motion which was referable to that cause of action," failed to raise a triable issue of fact (Spiegel v Beth Israel Med. Ctr.-Kings Highway Div., 149 AD3d 1127, 1130).
In light of our determination, we need not reach the plaintiff's remaining contentions.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court